1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8

9                  UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 BAY AREA PAINTERS AND TAPERS          Case No.: C09-2553 SI
   PENSION TRUST FUND, et al.,
12                                       **JUDGMENT PURSUANT TO
        Plaintiffs,                      STIPULATION**
13
            v.
14
   ASHLEY HAWLEY RHODES, Individually
15 and dba ASHLEY H. RHODES COMPANY,

16      Defendant.

17

18       IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment may

19 be entered in the within action in favor of the Plaintiffs and against Defendant ASHLEY

20 HAWLEY RHODES, Individually and dba ASHLEY H. RHODES COMPANY, and/or alter egos

21 and/or successor entities (hereinafter "Defendant"), as follows:

22       1.      Defendant entered into a valid Collective Bargaining Agreement with the District

23 Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining

24 Agreement").  This Bargaining Agreement has continued in full force and effect to the present

25 time.

26       2.      Defendant has become indebted to the Trust Funds as follows:

27 ///

28
                                                                              1
P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\Judgment Pursuant to Stipulation\C09-2553 SI Judgment Pursuant to Stipulation 111809.DOC

| 1/09 | Liquidated damages | $2,719.82 | |
| | 7% Interest (to 3/5/09) | $20.86 | |
| | | | $2,740.68 |
| 3/09 | Contributions | $11,545.50 | |
| | Liquidated Damages | $1,154.55 | |
| | 7% Interest (to 11/12/09) | $431.77 | |
| | | | $13,131.82 |
| 4/09 | Contributions | $30,810.41 | |
| | Liquidated Damages | $750.00 | |
| | 5% Interest (to11/12/09) | $692.18 | |
| | | | $32,252.59 |
| Attorneys' Fees (6/2/09-11/12/09) | | | $2,113.00 |
| Cost of Filing Suit, Service of Complaint | | | $474.84 |
| **TOTAL** | | | **$50,712.94** |

3.      Defendant shall ***conditionally*** pay the amount of **$46,088.56**, representing all of the above amounts, less liquidated damages in the amount of **$4,624.37**. ***This waiver is* expressly *conditioned upon the Trustees approval upon timely compliance with all of the terms of this Stipulation***, as follows:

(a)      On or before November 30, 2009, and no later than the 30th day of each month thereafter (with the exception of February, which will be the last calendar day of the month) for a period of 12 months, through and including October 30, 2010, Defendant shall pay to Plaintiffs:

• The amount of **$500.00,** for the first three months (November 30, 2009 through January 30, 2010);  then,

• Beginning with the payment due February 28, 2009, the payment amount shall increase to **$1,000.00** per month for the next four months (February 28, 2010 through May 30, 2010);

• Thereafter, beginning with the payment due June 30, 2010, the payment amount shall increase to **$7,000.00** per month for the next five months (June 30, 2010 through the October 30, 2010 payment).

• The remainder due pursuant to the terms of this Judgment will be paid in one lump sum payment together with the final payment on or before October 30, 2010.

2

P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\Judgment Pursuant to Stipulation\C09-2553 SI Judgment Pursuant to Stipulation 111809.DOC

(b)     Defendant shall have the right to increase the monthly payments at any time.

(c)     Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from November 12, 2009, at the rate of 5% per annum, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

(d)     Payments shall be made payable to the Bay Area Painters and Tapers Trust Funds, and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA  94104, **to be <u>received</u> on or before the 30th day of each month**, (with the exception of February which will be the last calendar day of the month) or to such other address as may be specified by Plaintiffs.

(e)     Defendant has agreed to execute, and cause to be executed, Joint Check Agreements for current contributions on all current and future jobs, until satisfaction of this Judgment. Defendant specifically agrees that the parties shall execute a Joint Check Agreement on the upcoming project for Nibbi Bros.  A Joint Check Agreement is attached hereto as *Exhibit A.* Defendant shall submit the Agreements to Nibbi Bros., and to all other General Contractors hereinafter on any job for which Ashley H. Rhodes Painting is performing work until this Judgment is satisfied for authorized signatures and provide them promptly and fully executed to Plaintiffs.  A blank Joint Check Agreement is attached hereto as *Exhibit B* for use by Defendant's on projects other than those referenced above, and all projects in the future.

(f)     In addition to the payments set forth above, Defendant agrees that Plaintiffs shall also receive 10% of any and all progress payments due and payable to Defendant, for all jobs (current and future) for the first six months of the payment term (November 30, 2009 to April 30, 2010); and 15% of all progress payments thereafter, until the Judgment is satisfied.   Defendant is required to submit copies of all payment requests relative to any and all jobs directly to Plaintiffs at the time that the request is submitted, as well as a copy of any check received, or any statement as to the amount owed and to be paid so that Plaintiffs can verify the exact amount of each

3

1    progress payment and its percentage thereof.  The percentage due shall be included in all Joint

2    Check Agreements. The percentage portion of the progress payment will be paid directly by

3    General Contractor to Plaintiffs.  In the event that a General Contractor refuses to make payments

4    directly to Plaintiffs, Defendant shall be responsible for payment.  **These percentage payments**

5    **from progress payments are not a substitute for any payments required to be made by**

6    **Defendant pursuant to the terms of ¶ 3(a) of this Judgment.**

7              (g)       At the time that Defendant makes its 11th payment, Defendant may submit

8    a written request for waiver of liquidated damages directed to the Board of Trustees, but sent

9    to Saltzman and Johnson Law Corporation with the 11th payment.  Defendant will be advised as

10   to whether or not the waiver has been granted prior to the final payment hereunder.  Such waiver

11   will not be considered until and unless all other amounts are paid in full and Defendant's account

12   is current.  Failure to comply with any of the above terms shall also constitute a default of the

13   obligations under this Agreement and the provisions of ¶ 9 shall apply.

14             (h)       Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

15   Defendant, in writing, as to the final lump sum amount due, including interest and all additional

16   attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the

17   amounts owed to Plaintiffs under this Stipulation regardless of whether or not Defendant defaults

18   herein.  Any additional amounts due pursuant to the provisions hereunder shall also be paid in full

19   with the October 30, 2010 stipulated payment.

20        4.      In the event that any check paid pursuant to any of the terms hereunder is not

21   timely submitted, not timely endorsed (in the case of a Joint Check), submitted by Defendant but

22   fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendant

23   is responsible, this shall be considered to be a default on the Judgment entered.  If this occurs,

24   Plaintiffs shall make a written demand to Defendant to cure said default.  Notice may be provided

25   by mail, fax or email, but in the event of email notice, a copy of the notice shall also be sent by

26   either fax or mail. Default will only be cured by the issuance of a replacement, **cashier's check**,

27   delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the

28

4

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C09-2553 SI**

P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\Judgment Pursuant to Stipulation\C09-2553 SI Judgment Pursuant to Stipulation 111809.DOC

notice from Plaintiffs.  If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check at Plaintiffs' request. Failure to make payments pursuant to cashier's check, if applicable, shall constitute a default under the terms of this Judgment.   In the event default is not cured, all amounts remaining due hereunder, without any waiver of liquidated damages, shall be due and payable on demand by Plaintiffs.

5.     Beginning with contributions due for hours worked by Defendant's employees during the month of November 2009, to be postmarked no later than December 15, 2009, and for every month thereafter that the Bargaining Agreement remains in effect, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  **Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office.**

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of paragraph 11 shall apply.

6.     Failure by Defendant to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 9 shall apply.  Any such unpaid or late paid contributions, together with liquidated damages and 5% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this Agreement are in addition thereto.  Defendant specifically waives the defense of the doctrine Res Judicata as to any such additional amounts determined as due.

///

5

P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\Judgment Pursuant to Stipulation\C09-2553 SI Judgment Pursuant to Stipulation 111809.DOC

7.      Defendant shall make full disclosure of all jobs on which it is working **by providing Plaintiffs with an ongoing and updated list of jobs including**, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if a public works job.  **To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford concurrently with their submission to the General Contractor, Owner or other reporting agency**.

These requirements are concurrent with, and in addition to the requirements set forth above with regard to progress payments. **<u>Defendant shall fax said updated list each month</u> (or sooner if required elsewhere herein) together with the contribution report (as required by paragraph 6 of this Stipulation) to Michele R. Stafford at 415-882-9287.**  Failure to provide this information shall constitute a default under the terms of this agreement.

8.      Ashley Hawley Rhodes acknowledges that he is the sole Owner and is doing business as Ashley H. Rhodes Company.  Defendant and any and all successors in interest, assigns, and/or affiliated entities (any such Ashley H. Rhodes Company related entities or entities in which Ashley H. Rhodes is a principal) as well as Ashley Hawley Rhodes, as individual Guarantor, shall be bound by the terms of this Stipulation as Guarantors. All such entities specifically consent to the Court's jurisdiction as well as all other terms herein.

9.      In the event that Defendant/Guarantor is in default of any provision of this Agreement, including, but not limited to by failing to make any payment required under paragraph 4 above, or fail to remain current in any contributions under paragraph 6 above, then,

(a)      The entire amount of **$50,712.93** plus 5% interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus liquidated damages and 5% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action, including those identified under section (d) below.

6

P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\Judgment Pursuant to Stipulation\C09-2553 SI Judgment Pursuant to Stipulation 111809.DOC

(b) A Writ of Execution may be obtained against Defendant and Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and owing as of the date of default. Defendant and Guarantor specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution.

(c) Defendant and Guarantor waive notice of Entry of Judgment or hearing thereon, and of Plaintiffs' Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor.

(d) Defendant/Guarantor shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with this matter, including those incurred for collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation. The additional attorneys fees and costs shall be paid by Defendant/Guarantor as set forth above, regardless of whether or not Defendant/Guarantor default under the terms of this Agreement.

10. Any failure on the part of the Plaintiffs to take any action against Defendant or Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant or Guarantor of any provisions herein.

11. In the event of the filing of a bankruptcy petition by Defendant or its Guarantor, the parties agree that any payments made by Defendant or Guarantors pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant or Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant and its Guarantor nevertheless represent that no bankruptcy filing is anticipated.

12.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

13.     This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

14.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

15.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

16.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

17.     Defendant and Guarantor each represent and warrant that they have had the opportunity  to be or have been represented by counsel of their own choosing in connection with

///

///

///

///

///

///

8

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C09-2553 SI**

P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\Judgment Pursuant to Stipulation\C09-2553 SI Judgment Pursuant to Stipulation 111809.DOC

1  entering this Stipulation under the terms and conditions set forth herein, that they have read this

2  Agreement with case and are fully aware of and represent that they enter into this Stipulation

3  voluntarily and without duress.

4          18.      The parties agree that the Court shall retain jurisdiction of this matter until this

5  Judgment is satisfied.

6      Dated: November 25, 2009                    **ASHLEY H. RHODES COMPANY**

7

8                                         By:    /S/ Ashley H. Rhodes
                                                 Ashley H. Rhodes, Sole Owner

9      Dated: November 25, 2009                    **ASHLEY HAWLEY RHODES**

10

11                                              /S/ Ashley H. Rhodes
                                                 Individually, as Personal Guarantor

12

13     Dated: November 25, 2009                    **SALTZMAN AND JOHNSON LAW
                                                    CORPORATION**

14

15                                         By:    /S/Michele R. Stafford
                                                 Michele R. Stafford

16                                               Attorneys for Plaintiffs

17

18  **IT IS SO ORDERED**

19

20  Dated: _____, 2009        _____
                                                 UNITED STATES DISTRICT COURT JUDGE

21

22

23

24

25

26

27

28

                                                                                          9

## AGREEMENT TO ISSUE JOINT CHECKS

The undersigned parties hereto agree as follows:

1.      The parties to this Agreement are NIBBI BROS. (referred to herein as "**GENERAL CONTRACTOR**"); ASHLEY H. RHODES COMPANY (referred to herein as "**SUBCONTRACTOR**"); and the BAY AREA PAINTERS AND TAPERS TRUST FUNDS (referred to herein as "**TRUST FUNDS**").

2.      **SUBCONTRACTOR** hereby authorizes **GENERAL CONTRACTOR** and **GENERAL CONTRACTOR** hereby agrees to pay by joint check or checks, payable jointly to **SUBCONTRACTOR** and **TRUST FUNDS**:

> • the amounts due for hours worked by **SUBCONTRACTOR'S** employees on the _____ project;
>
> *and*
>
> • 10% of the gross of each progress payment made or to be made to **SUBCONTRACTOR,** which shall be applied to prior debt of **SUBCONTRACTOR** to **TRUST FUNDS**. This percentage shall be in effect from December 30, 2009 through May 30, 2009; thereafter, beginning June 1, 2009, and continuing until the Judgment is satisfied, 15% of the gross of each progress payment made or to be made shall be paid to **TRUST FUNDS.**

3.      **SUBCONTRACTOR** agrees to provide both **GENERAL CONTRACTOR** and **TRUST FUNDS'** counsel **Michele R. Stafford** with a copy of its billing and reports of monthly hours worked on this job throughout the period of the job, as well as any certified payroll or other reports, contemporaneously with its submission to the **TRUST FUNDS** and/or **GENERAL CONTRACTOR,** or other reporting agency as applicable.

4.      **GENERAL CONTRACTOR** agrees to mail the above endorsed joint check or checks, to the **TRUST FUNDS** at the following address:

> Michele R. Stafford, Esq.
> SALTZMAN & JOHNSON LAW CORPORATION
> 44 Montgomery St., Suite 2110
> San Francisco, CA  94104

**SUBCONTRACTOR** agrees to promptly endorse said joint checks when requested by the **GENERAL CONTRACTOR,** and, said joint check or checks shall be endorsed by **SUBCONTRACTOR** *prior to* mailing to **TRUST FUNDS**.



# EXHIBIT A

5.       This Agreement shall remain in effect throughout the duration of any job worked on by **SUBCONTRACTOR** for **GENERAL CONTRACTOR,** and for such time thereafter until all contributions to the **TRUST FUNDS** have been fully paid to the **TRUST FUNDS**.

6.       The joint checks issued pursuant to this agreement for hours worked on this project shall constitute a waiver by **TRUST FUNDS** of mechanics' liens, stop notices, or rights to claim against a payment or surety bond; but only to the extent of the amount actually paid to **TRUST FUNDS** by said joint check or checks for the hours worked, exclusive of the minimum 10-15% payments agreed to by the parties. **TRUST FUNDS** reserve all rights they may have to assert mechanics' liens, stop notices, or claims on payment or other surety bonds to the extent **TRUST FUNDS** have not been fully paid for all contributions in connection with the project referred to above.

7.       This Agreement may be executed in counterparts, including facsimiles, and all such counterparts shall constitute one Agreement, binding on all the parties hereto, notwithstanding that all the parties may not be signatory to the same counterpart.

Dated: _____

                        **SUBCONTRACTOR**
                        ASHLEY H. RHODES COMPANY

                        By:        _____

                        Its:        _____

Dated: _____

                        **GENERAL CONTRACTOR**
                        NIBBI BROS.

                        By:        _____

                        Its:        _____

Dated: _____

                        **TRUST FUNDS**
                        BAY AREA PAINTERS AND TAPERS TRUST FUNDS

                        By:        _____
                        Michele R. Stafford, Esq.,
                        SALTZMAN & JOHNSON LAW CORP.
                        Attorney for Bay Area Painters and Tapers Trust Funds

## AGREEMENT TO ISSUE JOINT CHECKS

The undersigned parties hereto agree as follows:

1.    The parties to this Agreement are _____ (referred to herein as "**GENERAL CONTRACTOR**"); ASHLEY H. RHODES COMPANY (referred to herein as "**SUBCONTRACTOR**"); and the BAY AREA PAINTERS AND TAPERS TRUST FUNDS (referred to herein as "**TRUST FUNDS**").

2.    **SUBCONTRACTOR** hereby authorizes **GENERAL CONTRACTOR** and **GENERAL CONTRACTOR** hereby agrees to pay by joint check or checks, payable jointly to **SUBCONTRACTOR** and **TRUST FUNDS**:

- the amounts due for hours worked by **SUBCONTRACTOR'S** employees on the _____ project;

    *and*

- 10% of the gross of each progress payment made or to be made to **SUBCONTRACTOR,** which shall be applied to prior debt of **SUBCONTRACTOR** to **TRUST FUNDS**. This percentage shall be in effect from December 30, 2009 through May 30, 2009; thereafter, beginning June 1, 2009, and continuing until the Judgment is satisfied, 15% of the gross of each progress payment made or to be made shall be paid to **TRUST FUNDS.**

3.    **SUBCONTRACTOR** agrees to provide both **GENERAL CONTRACTOR** and **TRUST FUNDS'** counsel **Michele R. Stafford** with a copy of its billing and reports of monthly hours worked on this job throughout the period of the job, as well as any certified payroll or other reports, contemporaneously with its submission to the **TRUST FUNDS** and/or **GENERAL CONTRACTOR,** or other reporting agency as applicable.

4.    **GENERAL CONTRACTOR** agrees to mail the above endorsed joint check or checks, to the **TRUST FUNDS** at the following address:

Michele R. Stafford, Esq.
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery St., Suite 2110
San Francisco, CA  94104

**SUBCONTRACTOR** agrees to promptly endorse said joint checks when requested by the **GENERAL CONTRACTOR**, and, said joint check or checks shall be endorsed by **SUBCONTRACTOR** *prior to* mailing to **TRUST FUNDS**.



EXHIBIT B

P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\Judgment Pursuant to Stipulation\Exhibit B - Blank Joint Check Agreement 111209.doc

- 1 -

5.      This Agreement shall remain in effect throughout the duration of any job worked on by **SUBCONTRACTOR** for **GENERAL CONTRACTOR,** and for such time thereafter until all contributions to the **TRUST FUNDS** have been fully paid to the **TRUST FUNDS**.

6.      The joint checks issued pursuant to this agreement for hours worked on this project shall constitute a waiver by **TRUST FUNDS** of mechanics' liens, stop notices, or rights to claim against a payment or surety bond; but only to the extent of the amount actually paid to **TRUST FUNDS** by said joint check or checks for the hours worked, exclusive of the minimum 10-15% payments agreed to by the parties.  **TRUST FUNDS** reserve all rights they may have to assert mechanics' liens, stop notices, or claims on payment or other surety bonds to the extent **TRUST FUNDS** have not been fully paid for all contributions in connection with the project referred to above.

7.      This Agreement may be executed in counterparts, including facsimiles, and all such counterparts shall constitute one Agreement, binding on all the parties hereto, notwithstanding that all the parties may not be signatory to the same counterpart.

Dated: _____

**SUBCONTRACTOR**
ASHLEY H. RHODES COMPANY


By: _____

Its: _____


Dated: _____

**GENERAL CONTRACTOR**

_____


By: _____

Its: _____


Dated: _____

**TRUST FUNDS**
BAY AREA PAINTERS AND TAPERS
TRUST FUNDS


By: _____

Michele R. Stafford, Esq.,
SALTZMAN & JOHNSON LAW CORP.
Attorney for Bay Area Painters and Tapers
Trust Funds