1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8

9               UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  BAY AREA PAINTERS AND TAPERS          Case No.: C09-2553 SI
    PENSION TRUST FUND, et al.,
12                                        **FIRST AMENDED JUDGMENT**
        Plaintiffs,                       **PURSUANT TO STIPULATION**
13
              v.
14
    ASHLEY HAWLEY RHODES, Individually
15  and dba ASHLEY H. RHODES COMPANY,

16      Defendant.

17

18          IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment may

19  be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS

20  PENSION TRUST FUND, et al. ("Plaintiffs" or "Trust Funds"), and against Defendant ASHLEY

21  HAWLEY RHODES, individually and *dba* ASHLEY H. RHODES COMPANY *aka* ASHLEY H.

22  RHODES COMPANY, LLC, and/or alter egos and/or successor entities ("Defendant"), as

23  follows:

24          1.      Defendant entered into a valid Collective Bargaining Agreement with the District

25  Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining

26  Agreement").  This Bargaining Agreement has continued in full force and effect to the present

27  time.

28

2.      Judgment was entered in the within action on November 30, 2009 ("11/30/09 Stipulation") in favor of the Plaintiffs and against Defendant Ashley Hawley Rhodes, individually and *dba* Ashley H. Rhodes Company, in the amount of $50,712.94.

3.      Defendant is currently indebted to the Trust Funds as follows:

| | | |
|---|---|---|
| 11/30/09 Stipulation | $50,712.94 | |
| Credits (principal paid as of 7/19/10) | <$2,579.98> | |
| 11/30/09 Stipulation Balance (as of 7/19/10) | | $48,132.96 |
| 5% p/a Interest on Stipulation balance (7/20/10-9/1/10) | | $256.28 |
| Additional attorneys' fees (11/13/09-8/31/10) | | $4,101.00 |
| Additional Costs (12/1/09-12/11/09) | | $367.00 |
| **TOTAL** | | **$52,857.24*** |

\* It appears that funds were paid to several of Defendant's employees directly from a general contractor on one of Defendant's jobs, and that the funds were intended to compensate the individuals for benefits on that job. In the event that any portion of these funds can be recovered, the funds will be paid to the Trust Funds and applied as a credit to the amount due under the terms of this Stipulation.

4.      Defendant shall ***conditionally*** pay the amount of **$48,232.87**, representing all of the above amounts, less liquidated damages in the amount of **$4,624.37** as set forth in the 11/30/09 Stipulation. ***This waiver is* expressly *conditioned upon the Trustees approval upon timely compliance with all of the terms of this Stipulation*,** as follows:

(a)      On or before September 10, 2010, and no later than the 10th day of each month thereafter for a period of twenty-two (22) months, through and including July 10, 2012, Defendant shall pay to Plaintiffs:

• The amount of **$1,000.00,** for the first six months (September 10, 2010 through February 10, 2011);  then,

• Beginning with the payment due March 10, 2011, the payment amount shall increase to **$2,000.00** per month for the next three months (March 10, 2011 through May 10, 2011);

2

1    &bull;    Thereafter, beginning with the payment due June 10, 2011, the payment

2 amount shall increase to **$3,000.00** per month for the next thirteen months (June 10, 2011 through

3 the June 10, 2012 payment).

4    &bull;    The remainder due pursuant to the terms of this Judgment will be paid in

5 one lump sum payment together with the final payment on or before July 10, 2012.

6 ///

7    (b)    Payments may be made by joint check, to be endorsed prior to submission.

8 Defendant shall have the right to increase the monthly payments at any time and there is no

9 penalty for prepayment.

10    (c)    Payments shall be applied first to unpaid interest and then to unpaid

11 principal. The unpaid principal balance shall bear interest from September 2, 2010, at the rate of

12 5% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust

13 Agreements.

14    (d)    Payments shall be made payable to the Bay Area Painters and Tapers Trust

15 Funds, and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44

16 Montgomery Street, Suite 2110, San Francisco, CA  94104, or to such other address as may be

17 specified by Plaintiffs, to be <u>received</u> on or before the 10th day of each month.

18    (e)    Defendant has agreed to execute, and cause to be executed, Joint Check

19 Agreements for current contributions on all current and future jobs, until satisfaction of this

20 Judgment. Defendant shall submit the Agreements to all General Contractors hereinafter on any

21 job for which Ashley H. Rhodes Company is performing work until this Judgment is satisfied for

22 authorized signatures and provide them promptly and fully executed to Plaintiffs.  A blank Joint

23 Check Agreement is attached hereto as *Exhibit A* for use by Defendants on projects in the future.

24    (f)    In addition to the payments set forth above, Defendant agrees that Plaintiffs

25 shall also receive 15% of any and all progress payments due and payable to Defendant, for all jobs

26 (current and future) until the Judgment is satisfied.   Defendant is required to submit copies of all

27 payment requests relative to any and all jobs directly to Plaintiffs at the time that the request is

28

3

1    submitted, as well as a copy of any check received, or any statement as to the amount owed and to

2    be paid so that Plaintiffs can verify the exact amount of each progress payment and its percentage

3    thereof.  The percentage due shall be included in all Joint Check Agreements. The percentage

4    portion of the progress payment will be paid directly by General Contractor to Plaintiffs.  In the

5    event that a General Contractor refuses to make payments directly to Plaintiffs, Defendant shall be

6    responsible for payment.  These percentage payments from progress payments are not a substitute

7    for any payments required to be made by Defendant pursuant to the terms of ¶ 4(a) of this

8    Judgment.

9                    (g)      At the time that Defendant makes its final monthly payment under the terms

10    of this First Amended Stipulation, Defendant may submit a written request for waiver of

11    liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law

12    Corporation with that payment.  Defendant will be advised as to whether or not the waiver has

13    been granted prior to the final payment hereunder.

14                    (h)      Failure to comply with any of the above terms shall also constitute a default

15    of the obligations under this Agreement and the provisions of ¶ 12 shall apply.

16           5.       Defendant expressly agrees that in the event that Defendant requests a modification

17    of the monthly payments due under the terms of this First Amended Stipulation at any time,

18    Defendant shall immediately submit to a financial hardship audit performed by auditors of

19    Plaintiffs choice, and Defendant agrees to pay all accountant and attorneys' fees and costs

20    associated with that audit.

21           6.       In the event that any check paid pursuant to any of the terms hereunder is not

22    timely submitted, not timely endorsed (in the case of a Joint Check) submitted by Defendant but

23    fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendant

24    is responsible, this shall be considered to be a default on the Judgment entered.  If this occurs,

25    Plaintiffs shall make a written demand to Defendant to cure said default. Said demand shall be

26    made directly to Defendant.  Notice may be provided by email, but in the event of such notice, a

27    copy of the notice shall also be sent by either fax or mail. Default will only be cured by the

28

4

1  issuance of a replacement, cashier's check, delivered to Saltzman and Johnson Law Corporation

2  within seven (7) days of the date of the notice from Plaintiffs.  If Defendant elects to cure said

3  default, and Plaintiffs elect to accept future payments, all such payments shall be made by

4  cashier's check at Plaintiffs' request. Failure to make payments pursuant to cashier's check, if

5  applicable, shall constitute a default under the terms of this Judgment.

6      In the event default is not cured, all amounts remaining due hereunder shall be due and

7  payable on demand by Plaintiffs.

8      7.      Beginning with contributions due for hours worked by Defendant's employees

9  during the month of September 2010, to be postmarked no later than October 15, 2010, and for

10  every month thereafter that the Bargaining Agreement remains in effect, Defendant shall remain

11  current in contributions due to Plaintiffs under the current Collective Bargaining Agreement and

12  under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as

13  amended.  Defendant shall fax a copy of the contribution report for each month, together with a

14  copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment

15  to the Trust Fund office.

16      Failure to comply with these terms shall also constitute a default of the obligations under

17  this Agreement and the provisions of ¶ 12 shall apply.

18      8.      Failure by Defendant to remain current in its contributions shall constitute a default

19  of the obligations under this agreement and the provisions of ¶ 12 shall apply.  Any such unpaid or

20  late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued

21  on the total contributions and liquidated damages, shall be added to and become a part of this

22  Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the

23  applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of

24  current and future contributions, and for any additional past contributions not included herein as

25  may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other

26  means, and the provisions of this Agreement are in addition thereto.  Defendant specifically

27

28

**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C09-2553 SI**
P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\First Amended Judgment Pursuant to Stipulation\C09-2553 SI First Amended Stipulation 090110.DOC

1  waives the defense of the doctrine *res judicata* as to any such additional amounts determined as

2  due.

3         9.      Defendant shall make full disclosure of all jobs on which it is working by providing

4  Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and

5  address of the job, the start and completion dates, the identity of General

6  Contractor/Owner/Developer, and by providing certified payroll if a public works job. To the

7  extent that Defendant is working on a Public Works job, or any other job for which Certified

8  Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford

9  concurrently with their submission to the General Contractor, Owner or other reporting agency.

10        These requirements are concurrent with, and in addition to the requirements set forth above

11 with regard to progress payments. Defendant shall fax said updated list each month (or sooner if

12 required elsewhere herein) together with the contribution report (as required by ¶ 7 of this

13 Amended Stipulation) to Michele R. Stafford at 415-882-9287.  Attached hereto as *Exhibit B* is a

14 Job Report form which is to be completed each month.

15        10.     Ashley Hawley Rhodes acknowledges that he is the sole Owner and is doing

16 business as Ashley H. Rhodes Company *aka* Ashley H. Rhodes Co., LLC.  Defendant and any and

17 all successors in interest, assigns, and/or affiliated entities (any such Ashley H. Rhodes Company

18 related entities or entities in which Ashley H. Rhodes is a principal) as well as Ashley Hawley

19 Rhodes, as individual Guarantor, shall be bound by the terms of this Stipulation as Guarantors. All

20 such entities specifically consent to the Court's jurisdiction as well as all other terms herein.

21        11.     Prior to the last payment pursuant to this First Amended Stipulation, Plaintiffs shall

22 advise Defendant, in writing, as to the final lump sum amount due, including interest and all

23 additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and

24 allocation of the amounts owed to Plaintiffs under this Stipulation regardless of whether or not

25 Defendant defaults herein.  Any additional amounts due pursuant to the provisions hereunder shall

26 also be paid in full with the July 10, 2012 stipulated payment.

27

28

**FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C09-2553 SI**
P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\First Amended Judgment Pursuant to Stipulation\C09-2553 SI First Amended Stipulation 090110.DOC

12.     In the event that Defendant/Guarantor are in default of any provision of this Agreement, including, but not limited to by failing to make any payments required under ¶ 4 above, or fail to remain current in any contributions under ¶ 7 above, then,

(a)     The entire amount of **$52,857.24** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action, including those identified under section (d) below.

(b)     A Writ of Execution may be obtained against Defendant and Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default.  <u>Defendant and Guarantor specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution</u>.

(c)     Defendant and Guarantor waive notice of Entry of Judgment and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution.

(d)     Defendant/Guarantor shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with this matter, including those incurred for collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation. The additional attorneys fees and costs shall be paid by Defendant/Guarantor as set forth above, regardless of whether or not Defendant/Guarantor default under the terms of this Agreement.

13.     Any failure on the part of the Plaintiffs to take any action against Defendant or Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant or Guarantor of any provisions herein.

7

1    14.    In the event of the filing of a bankruptcy petition by Defendant or its Guarantor, the

2   parties agree that any payments made by Defendant or Guarantor pursuant to the terms of this

3   Judgment, shall be deemed to have been made in the ordinary course of business as provided

4   under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant or Guarantor as a

5   preference under 11 U.S.C. Section 547 or otherwise. Defendant and its Guarantor nevertheless

6   represent that no bankruptcy filing is anticipated.

7    15.    Should any provision of this Stipulation be declared or determined by any court of

8   competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

9   enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

10   illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

11   Stipulation.

12    16.    This Amended Stipulation is limited to the agreement between the parties with

13   respect to the delinquent contributions and related sums enumerated herein, owed by

14   Defendant/Guarantor to the Plaintiffs.  This Stipulation does not in any manner relate to

15   withdrawal liability claims, if any.  Defendant/Guarantor acknowledge that the Plaintiffs expressly

16   reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor as

17   provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective

18   Bargaining Agreement, and the law.

19    17.    This Amended Stipulation contains all of the terms agreed by the parties and no

20   other agreements have been made. Any changes to this Amended Stipulation shall be effective

21   only if made in writing and signed by all parties hereto.

22    18.    This Amended Stipulation may be executed in any number of counterparts and by

23   facsimile, each of which shall be deemed an original and all of which shall constitute the same

24   instrument.

25    19.    The parties agree that the Court shall retain jurisdiction of this matter until this

26   Judgment is satisfied.

27   ///

28

8

20.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Amended Stipulation under the terms and conditions set forth herein, and that they enter into this Amended Stipulation voluntarily.

Dated: October 28, 2010            **ASHLEY H. RHODES COMPANY** *aka*
                                   **ASHLEY H. RHODES Co., LLC**


                          By:      /S/ Ashley H. Rhodes
                                   Ashley H. Rhodes, Sole Owner

Dated: October 28, 2010            **ASHLEY HAWLEY RHODES**


                                   /S/ Ashley H. Rhodes
                                   Individually, as Personal Guarantor

Dated: October 28, 2010            **SALTZMAN AND JOHNSON LAW**
                                   **CORPORATION**


                          By:      /S/Michele R. Stafford
                                   Michele R. Stafford
                                   Attorneys for Plaintiffs

**IT IS SO ORDERED**


Dated: _____11/01_____, 2010     _____
                                   UNITED STATES DISTRICT COURT JUDGE

*Judge Susan Illston*

9

| *EXHIBIT A* |
|---|

## AGREEMENT TO ISSUE JOINT CHECKS

The undersigned parties hereto agree as follows:

1.      The parties to this Agreement are _____ (referred to herein as "**GENERAL CONTRACTOR**"); ASHLEY H. RHODES COMPANY (referred to herein as "**SUBCONTRACTOR**"); and the BAY AREA PAINTERS AND TAPERS TRUST FUNDS (referred to herein as "**TRUST FUNDS**").

2.      **SUBCONTRACTOR** hereby authorizes **GENERAL CONTRACTOR** and **GENERAL CONTRACTOR** hereby agrees to pay by joint check or checks, payable jointly to **SUBCONTRACTOR** and **TRUST FUNDS**:

- the amounts due for hours worked by **SUBCONTRACTOR'S** employees on the _____ project;

  *and*

- 15% of the gross of each progress payment made or to be made to **SUBCONTRACTOR,** which shall be applied to prior debt of **SUBCONTRACTOR** to **TRUST FUNDS**.

3.      **SUBCONTRACTOR** agrees to provide both **GENERAL CONTRACTOR** and **TRUST FUNDS'** counsel **Michele R. Stafford** with a copy of its billing and reports of monthly hours worked on this job throughout the period of the job, as well as any certified payroll or other reports, contemporaneously with its submission to the **TRUST FUNDS** and/or **GENERAL CONTRACTOR,** or other reporting agency as applicable.

4.      **GENERAL CONTRACTOR** agrees to mail the above endorsed joint check or checks, to the **TRUST FUNDS** at the following address:

Michele R. Stafford, Esq.
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery St., Suite 2110
San Francisco, CA  94104

**SUBCONTRACTOR** agrees to promptly endorse said joint checks when requested by the **GENERAL CONTRACTOR**, and, said joint check or checks shall be endorsed by **SUBCONTRACTOR** *prior to* mailing to **TRUST FUNDS**.

5.      This Agreement shall remain in effect throughout the duration of any job worked on by **SUBCONTRACTOR** for **GENERAL CONTRACTOR,** and for such time thereafter until all contributions to the **TRUST FUNDS** have been fully paid to the **TRUST FUNDS**.

6.      The joint checks issued pursuant to this agreement for hours worked on this project shall constitute a waiver by **TRUST FUNDS** of mechanics' liens, stop notices, or rights to claim against a payment or surety bond; but only to the extent of the amount actually paid to **TRUST FUNDS** by said joint check or checks for the hours worked, exclusive of the minimum 10-15% payments agreed to by the parties.  **TRUST FUNDS** reserve all rights they may have to assert mechanics' liens, stop notices, or claims on payment or other surety bonds to the extent **TRUST FUNDS** have not been fully paid for all contributions in connection with the project referred to above.

7.      This Agreement may be executed in counterparts, including facsimiles, and all such counterparts shall constitute one Agreement, binding on all the parties hereto, notwithstanding that all the parties may not be signatory to the same counterpart.

Dated: _____

**SUBCONTRACTOR**
ASHLEY H. RHODES COMPANY

By:      _____

Its:      _____

Dated: _____

**GENERAL CONTRACTOR**

_____

By:      _____

Its:      _____

Dated: _____

**TRUST FUNDS**
BAY AREA PAINTERS AND TAPERS
TRUST FUNDS

By:      _____
Michele R. Stafford, Esq.,
SALTZMAN & JOHNSON LAW CORP.
Attorneys for Bay Area Painters and Tapers
 Trust Funds

| EXHIBIT B |
|---|

## FIRST AMENDED JUDGMENT PURSUANT TO STIPULATION

### *JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Michele R. Stafford, Esq., at (415) 882-9287
on the 10th day of each month \*\*\***

Employer Name: **ASHLEY H. RHODES COMPANY** *aka* **ASHLEY H. RHODES CO., LLC**

Report for the month of _____    Submitted by (print name): _____

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

*\*\*\* Attach additional sheets as necessary \*\*\**

P:\CLIENTS\PATCL\Ashley R. Rhodes Company\Pleadings\First Amended Judgment Pursuant to Stipulation\Exhibit B Job Report Form 090110.doc